In re BROWN.
No. 60.

Circuit Court of Appeals, Second Circuit.
March 10, 1941.

Keith F. Driscoll and Costello, Cooney & Fearon, all of Syracuse, N. Y., for objecting creditor-appellant George M. Haight as Receiver.

Hiscock, Cowie, Bruce & Lee, Hancock, Dorr, Ryan & Shove, Searl, Langan & Searl, and Lionel O. Grossman, Vann, Tuck, Sheridan & Sheridan, Estabrook, Estabrook & Harding, Melvin & Melvin, Irving Levinson, and Tracy Ferguson and Howard Cannon, all of Syracuse, N. Y., for creditors-appellees.

A. J. & A. P. Oot, of Syracuse, N. Y., for appellee Frank J. Cregg, Jr.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The question to be determined on this appeal is whether Frank J. Cregg, Jr., or Frank T. Sheridan, received a majority in number and amount of the votes of the creditors of the bankrupt Julian S. Brown and was therefore the duly elected trustee. An order of the referee approving the appointment of Cregg was sustained by the district court on review. We think that it was right and should be affirmed.

The referee reported that twenty-one claims, totaling about $166,000, were voted in favor of Cregg, and nine, totaling about $139,000, were voted in favor of Sheridan. He accordingly declared that Cregg was elected trustee. In reaching this conclusion the referee allowed at $50,000 claim No. 11, which had been filed by Weisberg and Oberdorfer for $98,553. The claim had been valued at $50,000 in the proceeding for the adjudication of Brown as a bankrupt, and this valuation was sustained in our decision affirming the order of adjudication, reported sub nomine Syracuse Engineering Co. v. Haight, 2 Cir., 110 F.2d 468, 470. The correctness of the referee's allowance of the claim of Weisberg and Oberdorfer at $50,000 is the chief matter on which the validity of Cregg's election depends.

The referee held that the decision in the adjudication proceeding fixing the claim of Weisberg and Oberdorfer at $50,000 was res judicata. He accordingly declined in the present proceeding to receive evidence that the claim was fraudulent or was overvalued, or that the pending action in the state court, in which the amount was being litigated, was a bar to allowing it for voting purposes.

The most important point raised on this appeal is whether the referee was right in holding that he was bound by the valuation of certain claims tried by the court in the adjudication proceeding: In this connection we shall first consider the allowance of the claim of Weisberg and Oberdorfer at $50,000 which is typical of rulings upon various other . claims. The appellant Haight, as receiver of Salt Springs National Bank of Syracuse, intervened in the adjudication proceeding and litigated the validity and amount of the Weisberg and Oberdorfer claim with the petitioning creditors, contending that it was invalid and should not be counted to prove Brown's insolvency. The petitioning creditors prevailed, the claim was valued at $50,000 by the District Court, and that valuation, as we have already said, was sustained by this court on the appeal above mentioned.

Doubtless the prior decision was not res judicata for the reason that the controversies were not in all respects identical, yet we think it worked an estoppel by judgment which justified the court below in valuing the claim at the amount fixed in the adjudication proceeding. We hold that such an estoppel existed at least between the petitioning creditors and the appellant bank, who were parties both to the adjudication proceeding and the proceeding now before us on appeal. Troxell v. Delaware, L. & W. R. Co., 227 U.S. 434, 33 S.Ct. 274, 57 L.Ed. 586; Virginia-Carolina Chemical Co. v. Kirven, 215 U.S. 252, 257, 30 S.Ct. 78, 54 L.Ed. 179; Sutton v. Wentworth, 1 Cir., 247 F. 493, 501. The bank had full opportunity to litigate the validity of the Weisberg and Oberdorfer claim in the proceeding for adjudication, did litigate it in that proceeding both before the District Court and the Circuit Court of Appeals and, thereupon, this court approved the value of the Weisberg

and Oberdorfer claim at $50,000. The petitioning creditors have an interest in the recognition of the claim at its former valuation since a valuation of it at a lesser amount, or an invalidation of it altogether, might have prevented the election of Cregg for whom they voted as trustee. The appellant was not in a position to attack the amount allowed by the referee in the proceeding for adjudication after once litigating the question there. The only persons who might have complained of the recognition of the claim of $50,000 would be either Weisberg and Oberdorfer or other creditors who had not participated in the proceeding for adjudication. None of these creditors have appealed. Weisberg and Oberdorfer accepted the liquidation of their claim in the sum of at least $50,000 by voting it for that amount.

The petition for adjudication to some extent resembled a class suit in which the petitioners were acting on behalf of all creditors in determining the liabilities of the bankrupt. We see no objection to regarding the valuation of $50,000 arrived at in the face of the appellant's opposition as binding not only on the appellant and the petitioning creditors, but also on the appellant and Weisberg and Oberdorfer when the latter filed proof of their claim and, when voting it at $50,000, argued that a valuation for at least that sum was res judicata. Cf. Myers v. International Trust Co., 263 U.S. 64, 44 S.Ct. 86, 68 L.Ed. 165; Gratiot County State Bank v. Johnson, 249 U.S. 246, 39 S.Ct. 263, 63 L.Ed. 587.

It may be added that even if lack of mutuality were thought to preclude the court below from recognizing the prior decision as to the amount of the claim of Weisberg and Oberdorfer, there is a theory other than that of estoppel by judgment upon which the referee ought to have adopted the prior liquidation of their claim. 11 U.S.C.A. § 93 sub. e provides that claims of secured creditors "may be temporarily allowed to enable such creditors to participate in the proceedings at creditors' meetings held prior to the determination of the value of their securities * * *, but shall be thus temporarily allowed for such sums only as to the courts seem to be owing over and above the value of their securities * * *". To obviate the relitigation of this claim, already before the court in two prior proceedings, the referee properly granted a temporary allowance based upon the earlier decision instead of delaying the election to await further testimony.

We do not question the correctness of the decision of the Seventh Circuit in Re Continental Engine Co., 234 F. 58, 60, where Judge Mack, adopting the views expressed in the dissenting opinion of Sanborn, J., in Ayres v. Cone, 8 Cir., 138 F. 778, held that the valuation of a claim in a proceeding for adjudication "cannot estop the trustee acting on behalf of all creditors or any noncontesting creditors from denying the validity and provability of [the] claim." Here the original valuation of the claim was not being relied on as conclusive if reconsidered under General Order 21(6) of the Supreme Court, 11 U.S.C.A. following section 53, but only as a basis for allowing the claim in the absence of any proceeding for reconsideration. While the value, though once determined, may still be subject to reconsideration for cause on the petition of the trustee, or a creditor, under 11 U.S.C.A. § 93 sub. k of the Bankruptcy Act, and General Order 21(6), we see no reason why the value estimated in the adjudication proceeding should not have been adopted at the time of the election of the trustee. The appellant offered before the referee to prove that the Weisberg and Oberdorfer claim was fraudulent, but it seemed to base its contention only on the fact that the proof of claim filed was for $98,553, after Judge Bryant had already estimated it in the adjudication proceeding at only $50,000. A further objection was made that the claim was pending in the state court. It had, however, already been liquidated at $50,000 in the adjudication proceeding and no facts were presented by petition, or under oath, justifying a reconsideration. We accordingly sustain the court below in overruling the objections precluding the proof offered and in allowing the claim at $50,000.

Claim No. 9 of First Trust & Deposit Co. was allowed by Judge Bryant in the former proceeding at $67,500 and interest. This allowance was expressly confirmed by this court on appeal. 110 F.2d at page 470. The claim was voted for Cregg at only $61,000, doubtless because the referee did not deem it important in view of the aggregate of the claims so voted to compute the interest up to the date of filing the petition. The objection that the claim was pending in the State Court was properly overruled because it had been al-

ready liquidated in the proceeding for the adjudication of bankruptcy. Claim No. 7 of First Trust & Deposit Co. allowed at $5,000 by Judge Bryant and by this court in that proceeding, was also voted for Cregg. These two claims, adjudicated by this court in the former proceeding at $67,500 and $5,000 respectively, should be counted in favor of Cregg at the total of at least $72,500. This claimant was a party to that proceeding and appellant contested its claim.

Claim 8 of First Trust & Deposit Co. was allowed at $1,108.50 and voted for Cregg. The doctrine of estoppel by judgment in the former proceeding may not apply to Claim 8 because it is not certain that it was passed on by this court. While it was allowed by the referee on the ground that it had been liquidated by Judge Bryant in the adjudication proceeding it is by no means certain that an estoppel by judgment existed in respect to a claim which had not been specifically allowed by this court on the former appeal. Probably it did not exist for the reason that the validity of the claim was not necessary to sustain the decision affirming the order of adjudication inasmuch as the claims we specifically allowed were in themselves sufficient to establish insolvency. We shall accordingly disregard Claim No. 8 in casting up the votes for Cregg.

Coming now to claims which this court did not refer to in the last appeal, we find that the following voted for Cregg, were duly established before the referee and confirmed by the court in the present proceeding:

Claim No. 5 by the Ernest W. Lawton estate was allowed at $27,607. It was objected to before the referee on the ground that there was a set-off to it in favor of the bankrupt. The appellant in its brief (p. 24) only asked for a set-off of $15,000. This claim should, therefore, be treated as good for at least $12,607.

■■ Objection was made to the claim of Weisberg and Oberdorfer, to claims Nos. 7 and 9 of the First Trust & Deposit Co., and to the claim of the estate of Ernest W. Lawton because these claims were being contested in the State Court. It is argued that the candidate of the claimants ought not to be accepted as trustee when he may hereafter be obliged to contest their claims. But there is no attack upon the character or capacity of Cregg, and the mere fact that he might have been under the duty of attempting to reduce the claims should not have precluded the claimants from voting for him or have required the referee to nullify his appointment. It is the duty of a trustee to scrutinize all claims and, if he reaches the conclusion that they are vulnerable, to seek to have them reconsidered under § 93 sub. k. If the possibility of contest were to preclude the voting of claims, only those creditors whose claims were conceded could vote and a choice by a majority in number and amount of creditors who were present and desirous of voting might be impossible in a surprising number of cases. We think that the allowance of the votes of the above three claimants was within the sound discretion of the referee.

Claims Nos. 2 and 4 of Syracuse Trust Company aggregating $2,671.60 were voted for Cregg and are not attacked on appeal. They were, therefore, properly allowed in that amount. The same thing is true of claim No. 25 of Burton B. Parsons for $150.

■ Claims No. 6 of Merchants National Bank & Trust Co. for $2,367.31, No. 10 of Jack Phillips for $600, and No. 28 of Clifford Searl for $2,500 are only attacked because of the supposed bar of the statute of limitations. Not only was there no proof in the court below that any of them was barred but the question of the statute of limitation was not raised prior to the appeal. Each claim was properly allowed and voted for Cregg.

■ Claim No. 12 of Albert Pick Barth Co., Inc., amounting to $1,475.19 was voted for Cregg. The vote is attacked on the ground of solicitation by the bankrupt's attorney. The testimony indicates that Langan, an attorney who represented various small claimants, telephoned Levinson, the attorney for Albert Pick Barth Co., Inc., that Langan was going to Auburn and, if Levinson desired, would make a copy of the claim filed in the proceeding resulting in the first adjudication which had been reversed by this court. See Syracuse Engineering Co. v. Haight, 2 Cir., 97 F. 2d 573. Langan went to Auburn, made a copy, mailed it to Levinson, asked the latter to vote the claim for Cregg, and Levinson so voted it. To hold that a request to vote for a particular candidate addressed to a creditor's attorney by an attorney representing independent creditors, or even by the bankrupt's attorney, was improper

solicitation, seems fantastic. There is no evidence that this claim was voted in the interest of the bankrupt. In re Mayflower Hat Co., 2 Cir., 65 F.2d 330. The claim should be counted for Cregg.

Claim No. 50 of Syracuse Engineering Co. for $2,479.75 and claim No. 51 of I. Fleischman & Sons for $10,383.40, were both allowed by the referee and by the district court and were voted for Cregg. They were attacked before the referee on the ground of the bar of the statute of limitations, improper solicitation and absence of a corporate seal upon the proofs of claim. The statute of limitations was not raised before the referee and the record before us contains no proof that the statutory time had expired. The point is wholly worthless. The absence of a corporate seal was no bar to a proper proof of claim. The forms prescribed by the Supreme Court and in common use in referees' offices provide only for a signature of the claim and a verification thereof by an officer of the company. The record contains no competent proof in support of the objection of improper solicitation. The attempt of the appellant to invoke the certificate by the referee dated November 5, 1937, which related to the proceeding resulting in an order for adjudication and the appointment of trustees, which we reversed in Syracuse Engineering Co. v. Haight, 2 Cir., 97 F.2d 573, is quite without merit. The certificate had no place in this record and should not have been included in it. The proof adduced in the subsequent proceedings for adjudication and the appointment of a trustee, both of which resulted in valid orders, cannot be supplemented by the referee's conclusions in the original proceeding which was based on different evidence and related to the choice of different trustees.

Claim No. 44 of Joseph Flaherty for $50.01 was allowed by the referee and the district court and voted for Cregg. The only objection made to the vote of this claim was improper solicitation. Flaherty was shown to have been a client of Langan, who was not a member of the firm of attorneys representing the bankrupt. The fact that Langan desired to have Cregg elected and was said to have been handed proofs of certain other claims by a member of the Hancock office is far from evidence of improper solicitation of the Flaherty claim in the interest of the bankrupt.

It is unnecessary to deal with the merits of the votes upon any other claims cast for Cregg as trustee since it appears from what we have already said that he received votes upon twelve valid claims aggregating $157,784.26, whereas Sheridan received votes for only nine aggregating $139,000.

The order appointing Frank J. Cregg, Jr., as trustee is affirmed, with costs.