## In re PROGRESS LEKTRO SHAVE CORPORATION.

### No. 183.

Circuit Court of Appeals, Second Circuit.

March 20, 1941.

For former opinion, see 117 F.2d 602.

Sydney C. Perell, pro se, appellant.

Charles F. Maguire, of Stamford, Conn., for trustee in bankruptcy, appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This is a petition for rehearing in which both parties join in asking a clarification of our opinion of February 10, 1941. The appeal was from an order of the district court which awarded the appellant a fee for services in preparing a voluntary petition for reorganization under Chapter X of the Chandler Act, 11 U.S.C.A. § 501 et seq., and denied compensation for other services and disbursements. This court sustained the district court's ruling that the appellant, as attorney for the debtor, could not be compensated for such services as should have been rendered by an attorney for the debtor's trustee, but stated in its opinion that there might be services for which he is entitled to compensation in addition to that received for filing the petition. We mentioned specifically services in contesting successfully motions to dismiss the debtor's petition for reorganization, and we directed that the cause be remanded to the referee to make such additional

allowance as may be justified. Clarification of the opinion is sought to determine whether it was intended to limit the additional allowance to compensation for the services specifically mentioned.

By specifically mentioning the services performed in contesting the motions to dismiss it was not our intention to exclude the allowance of compensation for other services, if any, of a character for which an attorney for the debtor may properly be compensated. We did not think it incumbent on this court, nor do we now, to search the record to pick out all services of that character which the appellant may have rendered. The case was not presented in that aspect; the argument dealt almost exclusively with services such as would have been performed by the trustee's attorney if one had been appointed, and urged that the district court abused its discretion in rejecting the special master's recommendation of an allowance of $3,000.

The petition for rehearing argues that allowances to the debtor's attorney should be governed by the principles applicable to allowances to a bankrupt's attorney, since section 102, 11 U.S.C.A. § 502, incorporates section 7, 11 U.S.C.A. § 25, if not inconsistent with the provisions of Chapter X; and claims compensation for specifically enumerated items of services. The questions thus raised were not ruled upon by the district court nor were they argued on the appeal. We are not disposed to pass upon them further than to say that they will be open for consideration by the referee and district court under the mandate of this court.