## In re DENNEY.

## DENNEY v. FORT RECOVERY BANKING CO.

### No. 8238.

Circuit Court of Appeals, Seventh Circuit.

April 19, 1943.

Elmer McClain, of Lima, Ohio, for appellant.

B. A. Myers, of Celina, Ohio, and James J. Moran, of Portland, Ind., for appellee.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The appellant on March 31, 1937 filed a petition for a composition with his creditors or for an extension of his debts under Section 75, subs. a to r of the Bankruptcy Act, 11 U.S.C.A. § 203, subs. a to r. The proceeding failed, and the appellant on June 5, 1937 filed an amended petition under Section 75, sub. s of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, praying to be adjudged a bankrupt. By an agreed

order made on June 20, 1940, the petitioner was adjudicated a bankrupt. The case was referred to a conciliation commissioner, and the court ordered that the property be appraised and that the commissioner require the bankrupt to pay rent, as required by statute. The appraisal of the property was filed July 6, 1940, appraising it at $7,000. Thereafter, on September 4, 1940, after a hearing, the commissioner fixed a schedule of rents to be paid by the appellant, ordered that his exemption be set off to him, and ordered a stay of other proceedings.

The appellant was represented by Malcolm V. Skinner of Portland, Indiana, and Samuel E. Cook of Huntington, Indiana. Mr. Cook prepared and mailed to the commissioner a petition to review the rent order made by the commissioner. His associate, Mr. Skinner, withdrew the petition, and it was never considered by the court. Therefore, the order of September 4, 1940 stood.

The appellant paid no rent, interest or taxes, nor did he make any payments on the principal. He remained in possession, and was in possession on February 17, 1942. The appellee held a mortgage on the appellant's farm and had filed a petition to liquidate the real estate. This petition came on for hearing on February 17, 1942. The appellant was present in person, and by his counsel, Mr. Cook. The appellee was present by its officers and by its attorney. The parties then and there agreed in open court to the following order, which was filed of record June 17, 1942, to-wit:

"At South Bend, Indiana, in said District, on the 17th day of February, 1942, this cause having been duly assigned for hearing on the petition of The Ft. Recovery Banking Company of Ft. Recovery, Ohio, to liquidate the real estate of the Bankrupt, described in his petition herein, and on the cross-petition of the debtor or Bankrupt for re-appraisement, notice having been given, and said Bankrupt having appeared in person and by his Attorney, and The Ft. Recovery Banking Company, of Ft. Recovery, Ohio, having appeared personally through its officers and agents, and its attorney, said parties in open Court agreed as follows:

"That said Bankrupt waive his right of re-appraisement, and that said debtor or Bankrupt be permitted to redeem said property as described in his petition for eight thousand, six hundred and eighty dollars ($8680.00), to be paid into Court on or before August 17th, 1942. On default hereof, said land to be sold.

"Both parties interested having agreed in open Court as above set out, the Court approves and confirms said agreement, the same to be made a part of the record of this proceedings. Both parties waive all right of proceedings in appeal or error."

The appellant still continued in possession of the real estate. Just how long he remained in possession does not appear, although it does appear that the appellant left the real estate and moved to Indianapolis. He was by profession an engineer, and he accepted a position as an engineer in a defense plant in that city. The real estate, however, remained in his possession through his tenants.

Since the appellant failed to redeem the property by August 17, 1942, the appellee on September 18, 1942 filed its petition for an order of sale and for the appointment of a trustee therefor. No payment of rent, interest, taxes, or any part of the principal had been made by the appellant.

On November 21, 1942, after a hearing, the court sustained the petition of the appellee, entered an order for sale, and appointed a trustee. The appellant filed a petition and supplement to the petition for rehearing, both of which were overruled. The appellant appeals from the order of the court of November 21, 1942, and the order denying the petition and supplement to the petition for rehearing.

■ Obviously, an appeal does not lie from the petition for rehearing and the supplement thereto. Buffington v. Harvey, 95 U.S. 99, 24 L.Ed. 381; Roemer v. Bernheim, 132 U.S. 103, 10 S.Ct. 12, 33 L.Ed. 277; First Trust & Savings Bank v. Iowa-Wisconsin Bridge Co., 8 Cir., 98 F.2d 416.

The appellant contends it was error for the court to order the sale of the property pursuant to the consent decree entered June 17, 1942, as the statutory three-year period for redemption had not expired, that the procedure laid down in the statute must be followed and the appellant could not waive this procedure.

■ With this contention we are unable to agree. The statute has prescribed a certain procedure that must be followed if the farmer-debtor insists upon it. It is not for the courts to point out or explore any short cuts. The court cannot *force*

the farmer-debtor to accept any procedure except that laid down in the statute. That is not to say that the farmer-debtor may not come into open court with his attorney and understandingly and voluntarily agree to another procedure. He may deem it to his advantage to accept another procedure. This he is free to do, unless the farmer-debtor is to be considered a ward of the court, which view we do not accept. This being so, the appellant may waive a procedure which he may otherwise insist upon.

The appellant relies upon John Hancock Mut. Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176, and Borchard v. California Bank, 310 U.S. 311, 60 S.Ct. 957, 84 L.Ed. 1222. In both of these cases, there was an effort to compel the farmer-debtor to accept a procedure other than that provided by statute. In neither case did he consent in open court under the advice of counsel to an order, as the appellant did in the case at bar on February 17, 1942. In the Borchard case, supra, there were some stipulations and consent orders made as the proceedings went along, dealing with the disposition and use to be made of funds derived from the crops, but the final step that led to the court's order for liquidation of the property was not consented to by the farmer-debtor, and the stipulations were no part of that proceeding.

■ We think the appellant voluntarily, knowingly and advisedly consented to a procedure different from that laid down in the statute, and his conduct in this regard amounted to a waiver of his right to thereafter insist upon the letter of the statute.

■■ The appellant insists that his petition mailed to the commissioner to review the order of September 4, 1940 fixing the rent to be paid, setting off to him his exemption, and staying any other proceedings, must be certified to the judge for decision. If the appellant had not by his attorney withdrawn the petition, and the District Court found from evidence in the record that he had, there might be some merit in this contention. The appellant did another thing with reference to the order he would review. He sought to review the whole order of September 4, 1940, and his counsel admitted that the bankrupt had received, accepted and kept the exemption that was set off to him under one of the provisions of that order. He cannot accept part of the order and insist upon consideration of his petition to review the whole order. One cannot appeal from an order or judgment under which he has accepted a benefit. Chase v. Driver, 8 Cir., 92 F. 780; Albright v. Oyster, 8 Cir., 60 F. 644; Kaiser v. Standard Oil Co., 5 Cir., 89 F.2d 58; Sterne v. Vert, 108 Ind. 232, 9 N.E. 127.

■ Since the order of September 4, 1940 remained unreviewed and unchallenged, there was an order by the commissioner that the appellant pay rent, which order provided the amount to be paid and when it was to be paid. Since this order was not reviewed, its validity cannot now be impeached. From September 4, 1940, when this order was entered, to this day, the appellant has not obeyed the order of the court to pay rent. The statute, section 75, sub. s (3) of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s (3), provides: "If, however, the debtor at any time fails to comply * * * with any orders of the court made pursuant to this section * * * the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this title."

■ Because the appellant for more than two years after the order to pay rent was made, failed and refused to comply with the court's order that he pay rent, the court was justified under the provisions of the statute just quoted in ordering a sale of the land and the appointment of a trustee therefor.

The judgment of the District Court is affirmed.