## SILVER v. ROSENBERG.

### No. 204.

Circuit Court of Appeals, Second Circuit.

Jan. 20, 1944.

N. William Welling, of New York City, for appellant.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

### PER CURIAM.

This appeal involves the question whether the referee and the District Judge awarded too small an allowance to the attorney for the trustee. The proceeding began as a reorganization under Chapter X, Bankr.Act, 11 U.S.C.A. § 501 et seq., but ended in an order of adjudication and the appointment of a trustee to liquidate. While the reorganization proceeding was pending, the debtor was kept in possession and posted a bond of $1,000 with two sureties, against any loss during the operation of the business, a small drug store. The operation of the store resulted in a loss of about $2,000, which the trustee's attorney, the appellant, set out to collect. The sureties denied liability by setting up a cross claim. The attorney examined the bankrupt's officers and then started a proceeding before the referee, in which after a trial he was successful. His troubles did not end there, however, for collection of the judgment was long and troublesome, and he was obliged persistently to pursue the sureties. Finally he collected the full amount with disbursements, $1,092, which

was more than half of the whole amount which came to the trustee's hands—$1,804.-01. The trustee's distributable balance in the end was $1,297.96, out of which the referee allowed the trustee his commissions of $76.80; $100 to each of two accountants; and $200 to the trustee's attorney, leaving about $800 for the preferred creditors.

We have frequently refused to interfere with the award of allowances by a referee after affirmance by the District Court, and in nearly all cases we can properly do nothing else. Nevertheless, our jurisdiction does exist, and its existence presupposes that there may be occasions for its exercise. It seems to us, in spite of the triviality of the sums involved, that this is one of those occasions, and that it is not a sufficient answer that very little will be left in any event. We agree that for the ordinary services to the trustee his attorney in such a case must be content with very little, far less than would adequately repay him for his labor; we cannot see that more than $50 was here permissible. The collection of the bond we are, however, disposed to put upon another footing; it was in the nature of salvage, for if the proceeding failed, or if no money could be wrung from the judgment debtors, the work must go unpaid. Had the sum at stake been larger, thirty per cent of the recovery would indeed have been far too much, but it seems to us beyond the fair limit of discretion to allow only half that percentage for this recovery. In the end the inducement must be kept great enough to call out the effort, and to cover the risk of failure. It appears to us that the lowest limit was $300, and we therefore raise the total allowance to $350.

Order modified by allowing $350 to the trustee's attorney.