**CONNELLY v. HANCOCK, DORR, RYAN & SHOVE et al.**

**No. 157, Docket 22218.**

United States Court of Appeals, Second Circuit.

Argued March 11, 1952.

Decided April 10, 1952.

Laurence Sovik, Syracuse, N. Y. (William J. Mackay and Smith & Sovik, all of Syracuse, N. Y., on the brief), for appellant.

Morris Berman and Gerald H. Henley, both of Syracuse, N. Y. (Hancock, Dorr, Ryan & Shove, Syracuse, N. Y., on the brief), for petitioning and intervening petitioning creditors, appellees.

Joseph I. Butler, Syracuse, N. Y. (A. J. & A. P. Oot, Syracuse, N. Y., on the brief), for A. J. & A. P. Oot and Frank J. Cregg, Jr., trustee, appellees.

Before SWAN, Chief Judge, and CLARK and FRANK, Circuit Judges.

CLARK, Circuit Judge.

We have for review on this appeal certain allowances to counsel for petitioning and intervening petitioning creditors, and for the attorneys for · the trustee, made from the bankrupt estate of Julian S. Brown. Brown's financial affairs have long been a bone of contention and a fruitful source of litigation in Syracuse. Beginning in 1929 with an inheritance from his father there followed a state court receivership and an abortive proceeding in bankruptcy, dismissal of which we affirmed in In re Brown, 2 Cir., 87 F.2d 306, certiorari denied Hotel Syracuse Men's Shop v. Haight, 301 U.S. 696, 57 S.Ct. 924, 81 L.Ed. 1352. Involuntary proceedings were again commenced in 1936 just after an attachment and judgment had been secured by Haight, appellant's predecessor as receiver of the Salt Springs National Bank, principal general creditor of the bankrupt and his estate. By that time Brown's mother had died, leaving an estate then valued at over a million dollars in trust for Brown and his brother, each to receive income, and at 60, one-half or, if the other had died before becoming 60, all the principal. Brown was then 49, his brother 51. We reversed the adjudication then made for errors in the proceedings, raising some question whether the three petitioners were bona fide creditors. Syracuse Engineering Co. v. Haight, 2 Cir., 97 F.2d 573. Thereafter other creditors were permitted to intervene and the ultimate adjudication was affirmed in Syracuse Engineering Co. v. Haight, 2 Cir., 110 F.2d 468. Yet another appeal was necessary to settle and confirm the selection of Frank J. Cregg, Jr., as trustee, In re Brown, 2 Cir., 118 F.2d 198. Naturally final settlement awaited the passage of years, but in due course Brown inherited his share of his mother's trust at 60 and this was the major asset of his estate. Even this brief survey, touching only the high lights, indicates the long and controversial litigation involved, though it does not set forth the bitterness engendered between the parties and lawyers, which we have noted earlier, see 110 F.2d at page 469, and which appears to have increased as time went on. Against this background and the statements in the earlier opinions, no further lengthy recitals of facts are justified.

Appellant, as general creditor, questions first the validity of an allowance in total amount of $30,000—reduced by the court from $40,000, plus interim allowances of $2,082, as awarded by the bankruptcy referee—to attorneys for petitioning and intervening petitioning creditors, principally the Syracuse firm of Hancock, Dorr, Ryan & Shove; and second of an additional $50,000, beyond interim allowances of $30,700, to A. J. & A. P. Oot, the trustee's attorneys. Appellees contend that he has no standing to prosecute such an appeal without first requesting the trustee to do so or securing the permission of the district judge, citing Ross v. Drybrough, 2 Cir., 149 F.2d 676. This rule would not bar the attack on the allowance to the trustee's own counsel, In re New York Investors, 2 Cir., 130 F.2d 90; but as to others, the orderly administration of estates requires observance of the principle stated. This issue was, however, raised on

an early motion to dismiss the appeal, which was denied on October 23, 1951, by a different panel of this court. While no opinion was filed, it appears that the court had before it a showing of implied consent by the district judge in granting permission to extend the time for appeal. Accordingly we are not disposed to reopen the issue now.

We therefore turn to the merits, taking up first the allowance to counsel for creditors. Appellant's general contention of invalidity is based on an allegation that the Hancock firm and their associate, Lionel O. Grossman, were never truly counsel for a genuine petitioning creditor, but actually represented the interests of the bankrupt himself, for which Hancock has already been reimbursed by him. General Order 43 provides that the court may deny the allowance to counsel for petitioning creditors if it appears that the proceedings were instituted in collusion with the bankrupt. But the only evidence before us sustaining appellant's position that such collusion in fact occurred is an affidavit by bankrupt himself prepared subsequent to the hearing on allowances before the referee and submitted to the district court as newly discovered evidence. Appellees have made a motion to strike this affidavit from the appellate record on the ground that it was not a part of the proceedings below.

■ It appears, however, that the lower court did consider the affidavit in deciding whether to permit Brown to testify personally. We therefore deny the motion to strike, since the affidavit is thus validly a part of the record before us, as indeed appellees stipulated. But we see no ground for overturning the district court's refusal to give any weight to Brown's allegations. These appear to have been a complete reversal of his former testimony and position. So when the district court, on order to show cause why Brown's testimony should not be taken, decided that the affidavit which this testimony was to duplicate was not made in good faith, the question of Brown's credibility on the issue should be held settled for purposes of appellate review. And on the admitted evidence the district court's

findings were not clearly erroneous. Hence we accept the result absolving Hancock of collusion and of attempts to delay or hinder the proceedings or defraud the estate in other ways asserted in the Brown affidavit.

■ It is true that not only has this bankruptcy been tinged with bitterness, as we have noted, but also certain incidents, such as the destruction and transfer of bankrupt's assets, his own flight from the jurisdiction, and perhaps some excessive original creditor claims, appear to deserve judicial scrutiny. But the effective evidence introduced in the trial court is insufficient for us to say that Hancock and his firm are so implicated in these as to require denial to them of any allowance as creditors' counsel against the decisions of the referee and trial judge. Had the allegations to this effect been supported by proof we would have had no hesitation in invoking the requested sanction.

■ Appellant also contends that no compensation is allowable for work done on the first trial and first appeal, since that proved unsuccessful. It appears that, subsequent to this court's order of a new trial in Syracuse Engineering Co. v. Haight, 2 Cir., 97 F.2d 573, but prior to the time when it was had, Judge Bryant denied compensation to Grossman, then counsel for the petitioning creditors, on the ground that "thus far his clients have been unsuccessful." But adjudication was subsequently effected, and attorneys for the original petitioning creditors should thus be compensated for their work in the entire proceeding. For similar reasons we are not disposed to question the allowance on the ground that counsel for the intervening petitioning creditors are to share in it. Appellant contends that one of these two creditors was unnecessary. Creditor allowances, however, are made, as was this one, as a unit and it is the referee's and bankruptcy court's function to oversee in detail the component parts and total awards on compensable claims. Since there was, at the time that these creditors intervened, a real danger that the petition would be deficient, we think their intervention sufficiently justified for purposes

of appellate review. As we pointed out in Syracuse Engineering Co. v. Haight, 2 Cir., 110 F.2d 468, 469, it avoided the necessity of determining the validity of the claims of two of the original petitioners.

Appellant also attacks the general allowance of $30,000 as excessive. Appellees' answer emphasizes the strenuous work performed in and necessitated by the two proceedings and appeals therefrom which preceded the successful adjudication. Their petition for allowance lists, in fact, 322 separate compensable acts occurring during the period, from October 22, 1937, to December 4, 1940, which saw the final successful adjudication of August 2, 1939, and its defense on appeal to this court, Syracuse Engineering Co. v. Haight, 2 Cir., 110 F.2d 468. Appellees' contribution to the proceedings were significant, laborious, and, of course, beneficial to the estate. Thus they made possible utilization of Brown's inheritance for the benefit of all his creditors. The district judge has considered this claim with care and has reduced the referee's award by $12,082. We therefore affirm his allowance of $30,000 as not excessive. Appellant's further contention that we should require refund of amounts asserted to have been received originally by Hancock from Brown would not seem properly before us at this time; at any rate it should not be granted on the facts as found below.

We turn, then, to the allowance of some $80,700 to A. J. & A. P. Oot, as attorneys for the trustee. It appears that at the time they were appointed on order of Judge Bryant, A. J. & A. P. Oot had—and in fact continued to have—a 25 per cent contingent interest by way of fee in a $27,607 judgment against bankrupt, then on appeal. General Order 44 provides that the "connection" of trustee's counsel with creditors be made known to the court before appointment. This circuit has traditionally interpreted that mandate rigorously, see In re Eureka Upholstering Co., 2 Cir., 48 F.2d 95; In re H. L. Stratton, Inc., 2 Cir., 51 F.2d 984, certiorari denied Jonas & Neuburger v. General Motors Acceptance Corp., 284 U.S. 682, 52 S.Ct. 199, 76 L.Ed. 576; In re Rogers-Pyatt Shellac Co., 2 Cir., 51 F.2d 988; In re Progress Lektro Shave Corp., 2 Cir., 117 F.2d 602, rehearing denied, 2 Cir., 118 F.2d 751, to deny all allowance where the attorney has acted without benefit of formal order.

Such an order was made here, however, and it appears that the Oots' pre-appointment representation of the adverse claim was generally disclosed to the judge. It seems not unlikely, as was argued, that the facts were known to the judge at the time of the original appointment; at any rate they were soon disclosed in a formal petition by the trustee and the appointment confirmed, nunc pro tunc. It is conceded that all further formal representation ceased on the appointment; the only question is as to the failure to make specific written disclosure of the contingent fee interest in the recovery of the claim. This detail, too, may have been known to Judge Bryant, as the referee and Judge Brennan may have assumed. At this late date and under the circumstances we are not prepared to hold this clearly such a "connection" with a claimant beyond anything actually disclosed to the judge as to require reversal of the concurrent findings and conclusions of the two tribunals below.

Appellant also objects to the $30,700 of interim allowances which were made, he asserts, without the requisite ten-day notice thereof to creditors under § 58, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 94, sub. a. There having been no waiver of the right to notice in writing under § 58, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 94, sub. c, perhaps the breach of formality might have provided a basis for attack at the time the allowances were made. But it appears that at one of the creditors' meetings appellant's attorney indicated his awareness that such allowances were to be made. In view of this we are not inclined to give weight to an objection on so technical a point made long after the event. Clearly it would not justify our disallowance of a claim otherwise valid in view of the fact that proper contemporary objection could have been made. See In re Downing, D.C.N.D.N.Y., 199 F. 329; Petition of Baxter, 6 Cir., 269

F. 344, certiorari denied Baxter v. Safford, 256 U.S. 694, 41 S.Ct. 535, 65 L.Ed. 1175.

Appellant's final attack is upon the amount of the allowance to the trustee's attorneys. Here we think the objections compelling. General Order 42, 11 U.S.C.A. following § 53, limits compensation of counsel to "professional services" rendered. The allowance of $50,000 in addition to the $30,700 previously granted gives them a rich award·which appears to be substantially in excess of any benefit they can be considered to have brought the estate. Nor do the extremely generalized findings by the referee and the district court assist us to find justification for such an award. Surely attorneys can be expected to claim only a portion of, and not more than, what they bring in.

■ The trustee was himself an experienced attorney. There was little reason for the counsel's appointment except as to litigation. Certainly the trustee should have performed all ministerial and ordinary administrative duties of the office. So among the outwardly ·impressive 158 pages of record listing the Oots' activities there appear a large number which hardly merit an attorney's attention, such as: "Running errands"; "Efforts to find stenographer to take evidence"; "Explaining the condition of the estate to creditors and attorneys"; "Collecting accounts receivable, rents, etc."

Then, counsel's salvaging of assets for the estate was not notably productive. The final value of the estate for distribution was $531,375.93, of which $421,590.82 came from the bankrupt's mother's trust upon his reaching 60. This was mainly settled by the adjudication ultimately secured by Hancock et al., as noted above. Of the remaining $109,785.11, only about $46,000 appears to have come from litigation carried on by the trustee's counsel—litigation which did result in setting aside certain fraudulent transfers. Cregg v. Electri-Craft Corp., 175 Misc. 964, 25 N.Y.

S.2d 920, affirmed 263 App.Div. 788, 31 N.Y.S.2d 845. It is also true that claims were reduced by a face amount of some $130,000, but this appears to have been mainly a reduction of obvious padding not requiring outstanding effort. Appellant strenuously argues further that more assets should have been secured by garnishment of trust income assigned by the bankrupt, and more claims challenged by the interposition of asserted available defenses. We need not attempt definite resolution of these particular issues to reach the conclusion that the indicated totals are not impressive.

■ All in all neither the nature, nor the amount, nor the achieved results of the professional services seem to us adequate to justify an award of $80,700 from this estate. The professional tasks thus undertaken were not of an impressively intricate or delicate nature or themselves unusually extensive and the results were moderate. We think the attorneys will be adequately recompensed by an additional award of $25,000, making a total of $55,700, instead of the larger amount awarded below. Finn v. Childs Co., 2 Cir., 181 F.2d 431; Hammer v. Tuffy, 2 Cir., 145 F.2d 447; Silver v. Rosenberg, 2 Cir., 139 F.2d 1020; In re Paramount Publix Corp., 2 Cir., 85 F.2d 588.

The order appealed from must therefore be modified by reducing the additional allowance to A. J. & A. P. Oot to $25,000; in other respects it is affirmed. In presenting this appeal there appears to have been unnecessary printing, particularly when it is borne in mind that an official record in the clerk's office was available to us. We think that the ends of justice will be served by allowing each of the parties to bear his own costs. The appeal was justified and the motions for taxation of additional costs are clearly out of place. Hence no costs will be taxed on this appeal.

Order appealed from modified as stated and, as so modified, affirmed.