Matter of **LENNOX METAL MANUFAC- TURING COMPANY, Inc., Debtor.**

**TIMEN & WATERS** and **Kadel, Wilson & Potts, Petitioners-Appellants,**

v.

Frank **MARGIOTTA** and Herbert B. **Pearl,** as Co-Trustees of the Lennox Metal Manufacturing Co., Inc., Appellees.

**No. 135, Docket 25289.**

United States Court of Appeals Second Circuit.

Argued Jan. 20, 1959.

Decided Feb. 26, 1959.

Timen & Waters, New York City, and Kadel, Wilson & Potts, New York City (Otis Mark Waters, New York City, of counsel), petitioners-appellants, pro se.

Edwin M. Slote, New York City, and Nathan Korn, Brooklyn, N. Y. (Elliot L. Hoffman, New York City, of counsel), for appellees.

Before HAND and WATERMAN, Circuit Judges and BYERS, District Judge.

BYERS, District Judge.

This is an appeal from an order of the District Court for the Eastern District, dated July 1, 1958, fixing allowances to attorneys and others in a Chapter X reorganization proceeding, as to the award made to "Special Attorneys" for the Trustees.

The same order awarded to the same attorneys an allowance as compensation to them as attorneys for the Debtor. No review is sought in that respect.

The appellants are two firms of attorneys heretofore designated as Special Counsel to the Co-Trustees.

The appellees are the said Co-Trustees appearing by their general counsel.

The basis of the appeal is that the services rendered by appellants should have been appraised on the salvage theory somewhat discussed in Silver v. Rosenberg, 2 Cir., 139 F.2d 1020, rather than according to the conventional approach which governs such matters in the administration of general bankruptcy cases.

An understanding of the difficulties presented in providing any fund for a distribution to general creditors will be promoted by consulting the opinion of this court in the case of United States v. Lennox, etc., 2 Cir., 225 F.2d 302, which affirmed the decision of Judge Abruzzo, D.C., 131 F.Supp. 717. He is the reorganization judge who made the order appealed from. His understanding of all that is involved in the arguments set forth in the appellants' brief here, and in their application for allowances as filed, is not open to challenge.

To state the matter shortly, this was a no-asset case and the possibility of producing any fund for distribution to creditors involved the successful conduct of litigation with the government resulting from its termination of a contract with the Debtor for the manufacture of 887,000 50-caliber metal ammunition boxes.

The winning of that case for the trustees led to additional litigation in the Court of Claims, and the eventual conduct of prolonged negotiations with the Armed Services Board of Contract Appeals (U. S. A.) which consumed months of effort. The final recovery for the

Debtor of $250,000 was the outcome of all that had gone before.

The argument is made that because the negotiations involved the assertion by the government of a cross-claim of $175,000 which by some process was extinguished or withdrawn when the $250,000 was finally agreed to, the appellants should have received an allowance based upon the theory that they had added $425,000 to the estate of the Debtor. That contention cannot prevail.

The view of this court is that the sum of $250,000 emerged as the fund for administration, and that whatever may have been comprehended in the negotiations, financial or otherwise, must be deemed to have found ultimate expression in the figure of $250,000.

The necessity for the appointment of two firms of lawyers to act as "special counsel" to the trustees, who were already the attorneys for the Debtor, in addition to the general counsel for the trustees, must be deemed to have been justified by the exigencies of the Debtor's affairs, and is not sought to be inquired into on this appeal.

Having in mind that the joint labors of all attorneys brought into a no-asset estate the sum of $250,000 for the benefit of creditors, it is necessary to capitulate the various items shown in the present record.

There were $90,000 of secured claims which were reduced to $60,000 as the result of the efforts of the general attorneys. Thus the gross amount available to general creditors, subject to allowances and administration costs, was about $190,000.

Interim allowances to cover these items and provision for taxes and other obligations reduced the amount for distribution, subject to final allowances, to $90,-564.

The order granted such allowances, etc., in the total sum of $52,250, leaving $38,000, in round figures, for the general creditors, whose claims total about $180,-000, or sufficient for a final distribution of better than 20%.

The appellants have received in all $35,000 for fees and expenses.

The appellees' general counsel state that they have received $17,500 for their fees and disbursements.

This subject is of importance because resort to the salvage theory as discussed, for instance, in Re Osofsky, D.C., 50 F. 2d 925, involved allowances to but one attorney for the trustee. A more complicated situation was before this court in Connelly v. Hancock, etc., 2 Cir., 195 F.2d 864, which involved an allowance to counsel for intervening creditors in addition to that made to counsel for the trustee. This court reduced the allowance to the latter made by the district judge in view of all which was revealed in that record.

Since the allowances to all attorneys appearing for these trustees is about $51,500 (excluding the $1,000 allowance to the attorneys for the Debtor), it will be seen that of a total gross estate of $250,000, about 20% has been subtracted from the available assets to compensate counsel.

Opinions might differ as to whether the appellants should have received in excess of over twice as much as the general attorneys for the trustees, but in view of the truer insight into the problem by the judge who has conducted the proceeding as well as the trial of the cause above referred to, than could reasonably be attributed to a reviewing court, a certain reluctance to disturb his conclusion is understandable. Nothing has been here presented which is sufficient to overcome that reluctance.

Allusion should be made to appellees' argument that since the appellants have negotiated the check for their final allowance ($10,000.00), this court has no office to perform, and should dismiss the appeal. That argument is fortified by authority and could well point the way to a terse disposition here. See Albright v. Oyster, 8 Cir., 60 F. 644. In re Denney, 7 Cir., 135 F.2d 184.

However, it has seemed expedient to discuss the subject-matter of this appeal

to the extent herein stated, but not thus to intimate that a dismissal would not be appropriate. It has been considered that either of two courses was open, and that by choosing one, the other is by no means repudiated.

Order affirmed.