**I. A. BLANCH, Appellant,**

v.

**James K. RANKIN, Trustee of Georgia Book Brokers, Inc., Appellee.**

No. 18632.

United States Court of Appeals
Fifth Circuit.

June 12, 1961.

William M. Barnett, New Orleans, La., I. A. Blanch, Atlanta, Ga., for appellant.

James K. Rankin, Atlanta, Ga., for appellee.

Before CAMERON and WISDOM, Circuit Judges, and THOMAS, District Judge.

PER CURIAM.

The question before us is whether the district court erred in denying appellant's Motion to Review the order of the Referee in Bankruptcy fixing his fee as attorney for the Trustee. The appellant filed with the Referee in Bankruptcy an application for attorney's fees in the sum of $3,950.00, and the Referee fixed his fee at $950.00 based largely upon the size of the estate, which amounted to about $8,500.00.

Appellant had been one of the attorneys for the petitioning creditors in a suit for receivership in a Georgia State Court; and when these proceedings were arrested by the intervention of bankruptcy, appellant was appointed attorney for the Trustee in Bankruptcy of Georgia Book Brokers, Inc. In cooperation with the Trustee and by order of the Referee, appellant continued to prosecute the State Court proceedings, which continued active over a period of years. No agreement was had between appellant and the Trustee in Bankruptcy concerning appellant's fees or whether he was to be paid on regular fee basis or on the basis of results obtained. The State Court proceedings were productive of no substantial results notwithstanding the diligent efforts of appellant.

On October 28, 1958, appellant filed an application for interim compensation to which was attached a detailed statement of two hundred hours spent representing the Trustee, mostly in the State Court proceedings, for which he claimed compensation in the sum of $2,000.00. The Referee conducted a hearing and entered an order denying this application.[1] The petition to review this order of the Referee was denied by District Judge Boyd Sloan.[2]

About a year later, appellant filed a further application for compensation for services rendered claiming an additional sum of $1,950.00 for one hundred ninety-five hours' work shown by detailed statement attached to the application. After full hearing, the Referee fixed the total fees of the Trustee at $240.80, and of the appellant at $950.00.[3]

1. The order recited in part the following: "While there can be no doubt of the fine and voluminous services rendered by this counsel, the practice of this Referee is to allow interim compensation only in very rare and unusual cases. In fixing the amount of compensation to be allowed, consideration is given not only to the amount of work performed but also to the results obtained. In this case recovery of assets is still in the contingent stage. By his diligent efforts in this case it is believed that this Attorney is representing his clients ably as well as rendering service for the benefit of the Trustee and all of the creditors generally.
"* * * However, this Referee, in the exercise of his discretion and upon his considered opinion, does not deem the allowance of interim compensation to this Attorney at this time to be proper from an administrative and procedural standpoint."

2. The concluding words of the order are: "The order was within the sound discretion of the Referee and there was no abuse of that discretion and his order is affirmed."

3. Pertinent terms of this order follow:
"* * * there can be no doubt as to the great amount of service rendered by this attorney, but the net returns from the most of his efforts resulted in no assets for the estate, and it is felt that the end result of an attorney's services must be taken into consideration, as well as the time, skill and trouble expended. It appears that the attorney for the trustee likewise represents considerable of the creditors who will receive some dividends in this case, and that his

Appellant thereupon filed a Motion for Review of the portion of the order relating to his fees in which he made a full showing of the services he had rendered in the State Court proceeding. The Trustee filed an opposition to the granting of the Motion for Review and appellant replied thereto. The matter came on for hearing before District Judge Frank A. Hooper, and an order was entered denying the motion of the appellant and affirming the judgment of the Referee.[4]

■ The rule governing questions such as the one here presented is thus summarized in Collier, 14th Ed. at pages 1483–1484: "It follows, therefore, that decisions, prior to the Act of 1938, to the effect that the only question open on an appeal from a compensation order is one of law (usually whether the district court has abused its discretion), are no longer binding. Nevertheless, an appellate court will, much as before, be loath to revise an allowance or disallowance, since this normally involves an exercise of sound discretion by the bankruptcy court. Particularly will this be true where the referee and the district judge came to concurring conclusions. * * " [5]

■ We feel that we should not disturb the Referee's findings here, supported as they are by the judgment of both of the district judges who heard portions of the question involved.

The Petition for Review is, therefore, denied and the judgment of the lower court

Affirmed.

---

efforts, though fruitless, were nobly expended in their behalf.

"Taking into consideration the size of the estate, the compensation requested by this attorney cannot, in the conscientious opinion of the Referee, be allowed. This attorney did render services of a general nature to the Trustee in addition to his litigated efforts and the sum of $950.00 is allowed as compensation to I. A. Blanch as Attorney for the Trustee. Consideration is likewise taken of the fact this applicant received $950.-00 allowance in the State Court receivership of this same debtor."

4. The order of the District Court contains these words *inter alia:* "The Referee based the amount of this fee largely upon the size of the estate, some $8500.00. The Referee also pointed out that the fee was sought on the basis of an action pursued by movant in behalf of the Trustee, which did not produce any funds for the estate.

"There is no criticism against the attorney in question as to his handling of the action; on the other hand it appears that he pursued it diligently and expended a great deal of time and effort. It is contended, however, that the action should not have been brought and that he should have known that fact. On the other hand, his efforts in regard to the case were performed with the knowledge and consent of the Referee in Bankruptcy, upon whom is placed the responsibility of determining whether a plenary action should be maintained by a Trustee in behalf of the estate.

"It is the better practice when a Trustee is directed to employ counsel and maintain a plenary action that a clear understanding be had with the attorney for the Trustee as to whether the suit is upon a fee basis or a contingent basis. That was not done in this case. However, fees for counsel suing for money must be considered in the light of the results obtained * * * "

5. And cf. Campbell et al. v. Green, 5 Cir., 1940, 112 F.2d 143, 144.

Upon this appeal the appellant relies on cases from the Second Circuit, e. g., Silver v. Rosenberg, 139 F.2d 1020, 1021, and Hammer v. Tuffy, 1944, 145 F.2d 447. In a later decision by the same court (In the Matter of Paramount Merrick, Inc., 1958, 252 F.2d 482, 485) it is said: "The attorneys' services were considered by the referee. He was best able to pass upon their worth to the estate and his determination was accepted by the Bankruptcy Court. Although we have jurisdiction to review the compensation, 11 U.S.C.A. § 47, we are reluctant to overturn the determination unless it can be shown that the allowance was arbitrary and unreasonable. [Citing several cases, and 3 Collier, Bankruptcy, § 62.12, pp. 1483–1485, quoted supra]. We will not normally substitute our judgment for that of the referee and the Bankruptcy Court * * *."