In the Matter of SCHUMAKER CON-
STRUCTION, INC., Bankrupt.

In the Matter of A. C. HEITSCHMIDT,
INC., Bankrupt.

Donald PATRICK and Joseph D. Ander-
son, d/b/a Patrick and Anderson, and
Kenneth F. Schumaker, Appellants,

v.

Raymond M. FOX, Jr., Trustee in Bank-
ruptcy and
Eugene H. Haviland, Attorney for the
Trustee, Appellees.

No. 14751.

United States Court of Appeals
Seventh Circuit.

June 1, 1965.

Lee W. DaBagia, Michigan City, Ind.,
Joseph D. Anderson and Patrick & An-
derson, South Bend, Ind., for Appellants.

Carl M. Franceschini and Eugene H.
Haviland, Michigan City, Ind., for appel-
lees.

Before HASTINGS, Chief Judge, and
SCHNACKENBERG and SWYGERT,
Circuit Judges.

HASTINGS, Chief Judge.

This appeal is concerned with the ade-
quacy of fees allowed by the referee in
bankruptcy and affirmed by the district
court in bankruptcy proceedings involv-
ing Schumaker Construction, Inc., and A.
C. Heitschmidt, Inc.

Appellants, Donald Patrick and Joseph
D. Anderson, doing business as Patrick
& Anderson, attorneys for the corporate
bankrupts, and Kenneth F. Schumaker,
President and a creditor of the bank-
rupts, appeal from the order of the dis-
trict court affirming the order of the ref-
eree in bankruptcy fixing the fees for
appellants Patrick and Anderson and fees
for appellees, Raymond M. Fox, Jr., re-

ceiver and trustee and Eugene H. Haviland, attorney for the receiver and trustee.

On June 11, 1962, Patrick and Anderson as attorneys for the bankrupts filed a petition for reorganization of the corporations under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq.

On August 2, 1962, both corporations were declared bankrupt and Fox, who had previously been appointed receiver, was appointed trustee. Haviland was approved and employed as attorney for receiver and trustee Fox.

On September 20, 1962, Fox filed inventories and appraisals of the assets of the bankrupts at the first meeting of creditors.

The assets of Schumaker Construction, Inc., were appraised by Fox at $88,251. Schumaker Construction, Inc., valued the same assets at $336,834.

On November 2, 1962, Fox filed petitions for the sale of personal property of the bankrupts. These petitions proposed that the assets be offered for sale at a private sale for thirty days and thereafter the assets remaining be sold at public auction.

A hearing was held on November 20, 1962 to consider these petitions. On this date, "after due hearing and noting the objections of creditors appearing in person and by counsel," the referee authorized Fox to sell the personal property of the bankrupts at public auction.

All assets of the bankrupts, except those surrendered to lienholders, were sold at public auction on January 17, 18 and 19, 1963. The sale price of the assets of A. C. Heitschmidt, Inc., approximately equaled Fox's appraisal thereof. The sale price of the assets of Schumaker Construction, Inc., was $224,761. These assets had been appraised by Fox at $79,751.

Appellant Schumaker and Lorraine J. Schumaker, his wife, owned the real estate leased and occupied by the bankrupts. The leases provided for Schumaker Construction, Inc., to pay $1,000 per month rent and A. C. Heitschmidt, Inc., $250 per month.

Due to nonpayment of rent under these leases, appellant Schumaker and his wife filed claims before the referee in bankruptcy for unpaid rents. The referee held a hearing and on December 6, 1963 entered an order allowing the claims for rent for the period of June 11, 1962 to July 15, 1963 in the amount of $11,000.

On February 1, 1963, Fox wrote appellant Schumaker stating that the "use of the property heretofore occupied by these corporations is now terminated" due to the sale of the assets of the bankrupts. Schumaker refused to accept the turnover due to conditions imposed by Fox and the bankrupts continued to occupy the property until July 15, 1963.

Appellant Schumaker and his wife defaulted in their mortgage payments on the real estate and suit was filed to foreclose the mortgage thereon. The referee and Fox were advised of this on November 4, 1963 and were asked to make an early payment on the rent claim in order to avoid foreclosure. On December 12, 1963, the referee authorized Fox to issue checks for unpaid rent. These checks were issued on or about March 16, 1964.

On March 11, 1964, the final meeting of creditors was held. Patrick and Anderson claimed a fee of $21,000 for their services as attorneys for the bankrupts. Haviland claimed $8,000 and Fox $5,066, plus reimbursement for expenses in the amount of $1,186.40. Appellant Schumaker objected to the fees requested by Fox for the reason "that Trustee [Fox] had failed to abandon and evacuate his premises as early as he should have." Appellant Schumaker further recommended "that the attorney for the bankrupt [Patrick and Anderson] was entitled to the fee that he had prayed for."

The referee entered an order on May 13, 1964 allowing the fees claimed by Haviland and Fox and allowing Patrick and Anderson the sum of $8,000 as attorney fees and $168.83 as expenses.

On May 22, 1964, appellants filed a joint petition for review of this order.

In this petition they contended, *inter alia,* that the referee's orders allowing fees for Patrick and Anderson were erroneous for the reason that Patrick and Anderson had expended a total of 565 hours on behalf of the corporations; their efforts "were necessary and required for proper administration of the estate and resulted in more than double the cash available to the Receiver-Trustee [Fox] for application to the claims of creditors;" and the orders of the referee failed to take into account their claim that the assets of the estates were enhanced by approximately $113,000, solely by their efforts in obtaining a sale at public auction and avoiding a private sale. The petition further contended Fox and Haviland had improperly attempted to sell the assets of the bankrupt estates based upon incompetent and untrue inventories and appraisements and that Fox had wasted assets of the estates by retaining possession of the real estate occupied by the bankrupts longer than necessary. Appellants charged in the petition that their efforts to produce evidence to substantiate the above contentions were foreclosed by the referee.

On June 25, 1964, the referee filed a certificate upon the requested review addressed to the district court setting out the facts, applicable law and the referee's conclusions of law.

Fox filed a motion to dismiss the petition for review, which was denied by the district court.

The district court considered the merits of appellants' petition and entered an order on July 15, 1964 affirming the referee's order and holding that the referee did not commit clear error in allowing Patrick and Anderson a fee of $8000.

Appellants have appealed from this order of the district court.

On March 31, 1965, appellant Schumaker filed a petition in this court for leave to withdraw and strike his name as a party of record to the appeal. This petition was opposed by Patrick and Anderson. We ordered that this petition be considered at oral argument and taken with the case. The petition is hereby denied.

On appeal, appellants make substantially the same contentions made in their joint petition for review, supra. In sum, they contend the referee and district court erred in failing to surcharge Fox and Haviland for waste and breach of their fiduciary duties and in failing to award Patrick and Anderson the $21,000 fee they claimed.

■■ The bankruptcy court has jurisdiction to compensate attorneys for bankrupts. 11 U.S.C.A. § 104, sub. a. See In re Lustron Corp., 7 Cir., 196 F.2d 975 (1952). The amount of such compensation rests in the sound discretion of the court, In re Lustron Corp., supra, and will not be overturned on appeal unless clearly erroneous. This is true of all findings of fact of a referee in bankruptcy. General Order 47 of the Bankruptcy Act, 11 U.S.C.A. foll. § 53.

We have carefully considered the arguments advanced by appellants and conclude that the order of the district court awarding fees, in the amounts fixed by the referee, is not clearly erroneous.

We have carefully studied the record of the proceedings before the referee and the district court and find it to be incomplete and silent on many of the contentions urged by appellants.

Appellants did not at any time during the administration of the estates file objections to the conduct and method of administration by Fox. At the hearing for the allowance of fees, there was no testimony taken under oath by the referee and none was offered by appellants.

As we pointed out in In re Lustron Corp., supra at 979, relied upon by appellants, the compensation which may be allowed to attorneys for the bankrupt rests in the sound discretion of the court. Such an " 'allowance is for services rendered by them which results in direct benefit to the estate, as where the assets are increased by reason of diligence and cooperation of the bankrupt's attorney.' " (Quoting from In re Evenod Perfumer, Inc., 2 Cir., 67 F.2d 878, 879 (1933).)

From a consideration of the record as a whole, we conclude that the allowances made to the attorneys for the bankrupts adequately compensated them for their services under the standards imposed by the Lustron case. Further, we conclude that the allowances made to Fox and his attorney, Haviland, were not excessive. We cannot say that there was an abuse of discretion by either the referee or the district court.

As stated in Blanch v. Rankin, 5 Cir., 291 F.2d 217, 219 (1961), " '[A]n appellate court will * * * be loath to revise an allowance or disallowance [of attorney fees], since this normally involves an exercise of sound discretion by the bankruptcy court. Particularly will this be true where the referee and the district judge came to concurring conclusions.' " (Quoting from 3 Collier, Bankruptcy ¶ 62.12, pp. 1488–1489 (14th ed. 1964).)

The order of the district court appealed from is affirmed.

Affirmed.